**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEAN BAPTISTE NEAL,

Plaintiff - Appellant,

v.

ROSEANNE CAMPBELL, Warden; et al.,

Defendants - Appellees.

No. 10-17225

D.C. No. 2:08-cv-00313-GEB-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

California state prisoner Sean Baptiste Neal appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging First Amendment free

exercise and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's grant of summary judgment, *Toguchi v. Chung*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

391 F.3d 1051, 1056 (9th Cir. 2004), and dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly granted summary judgment on Neal's free exercise claim on the basis of qualified immunity grounds because Neal failed to raise a genuine dispute of material fact as to whether defendants substantially burdened his ability to practice his religion.  *See Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.*, 605 F.3d 703, 711 (9th Cir. 2010) (a defendant is entitled to qualified immunity if there is no constitutional violation); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (Free Exercise Clause is only implicated when a prison practice burdens an inmate's sincerely-held religious beliefs); *see also Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987) (prison administrators need not provide each inmate with the spiritual counselor of his or her choice).

The district court properly dismissed Neal's retaliation claim because Neal's conclusory allegations failed to state a claim for retaliation.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth five elements of a First Amendment retaliation claim).

The district court did not abuse its discretion in denying Neal's motions to appoint an expert witness because Neal's action did not involve complex issues or evidence.  *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d

1065, 1071 (9th Cir. 1999) (appointment of expert is reviewed for abuse of discretion).

**AFFIRMED.**